UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| Richard Rudolph McGuire, | ) | |
|                Debtor. | ) | No. 10 B 30527 |
| | ) | |
| | ) | |
| Eugene Crane, Chapter 7 Trustee | ) | |
|                Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 A 01047 |
| | ) | |
| | ) | |
| Richard Rudolph McGuire, | ) | |
| | ) | |
|                Defendant. | ) | |

**MEMORANDUM OPINION ON DEBTOR'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

## BACKGROUND

Richard Rudolph McGuire ("Debtor") filed for Chapter 7 bankruptcy protection on July 8, 2010. Upon filing, Eugene Crane was appointed as Chapter 7 Trustee ("Plaintiff"). On October 22, 2010, Plaintiff filed an adversary proceeding, *Crane v. McGuire et al.*, 10 A 02167 seeking to avoid a fraudulent transfer of real property under 11 U.S.C. § 548. The challenged transfer was of real property worth $572,000 deeded to Debtor's three children in return for a payment of only $5,023. On March 14, 2011, judgment was entered in that proceeding avoiding the transfer. (Docket No. 30).

This new Adversary was filed on May 9, 2011 seeking to prevent Debtor's discharge under 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(4)(A) & (D). Debtor filed his pending Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted under Fed R. Civ. P. 12(b)(6), made applicable in bankruptcy by Fed. R. Bankr. P. Rule 7012(b). Debtor's Motion, although filed after Plaintiff filed his

Amended Complaint, states no separate basis for dismissal of the Amended Complaint under § 727(a)(4)(A) & (D). In his prayer for relief, Debtor asks for dismissal of "the adversary complaint in its entirety with prejudice, or in the alternative partially dismiss the adversary with prejudice." Debtor claims that because of a ruling made in the earlier Adversary No. 10 A 02167, Plaintiff is collaterally estopped in part. That argument raises the issue of whether issue preclusion blocks Plaintiff's objection to discharge under 11 U.S.C. § 727(a)(2)(A).

Debtor's argument is that there was a specific finding on the issue of intent in the prior Adversary and that such finding is binding as to the issue of intent in this Adversary.

## JURISDICTION

Jurisdiction lies under 28 U.S.C. § 1334, and is referred here pursuant to Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## DISCUSSION

### 1. Prior Litigation

Debtor's Motion argues that Plaintiff is collaterally estopped from objecting to his discharge under § 727(a)(2)(A) because Plaintiff litigated and lost on the issue of Debtor's actual fraud in the previous Adversary before this court.

Under 11 U.S.C. § 548(a), the bankruptcy trustee can seek to avoid transfers made by the debtor within one year before the date of filing of the bankruptcy petition on the ground of actual fraud or on the ground of constructive fraud. Subsection (a)(1)(A) of § 548 sets out the ground of actual fraud and subsection (a)(1)(B) sets out the grounds for constructive fraud. *Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983).

Section 727(a)(2)(A) of the Bankruptcy Code prevents a discharge where "the debtor, with intent to hinder, delay, or defraud a creditor . . . has transferred,

removed, destroyed, mutilated, or concealed . . . property of the debtor, within one year before the date of filing of the petition." Denial of discharge under § 727(a)(2)(A) can only be made upon a finding of actual intent to hinder, delay, or defraud. *Lovell*, 719 F.2d at 1376.

The Findings of Fact and Conclusions of Law accompanying the Judgment Order of March 14, 2011 in the prior Adversary No. 10 A 02167 found that Plaintiff "did not establish that the transfer should be avoided pursuant to 11 U.S.C. § 548(a)(1)(A)." (Docket No. 32). That provision permits a trustee to avoid any transfer if the debtor "made such transfer or incurred such obligation with actual intent to hinder, delay or defraud any entity" to whom the debt was owed. 11 U.S.C. § 548(a)(1)(A). That burden was not met in the prior Adversary. Instead, Plaintiff met his burden of proof in that Adversary under 11 U.S.C. § 548 (a)(1)(B)(I) and (ii)(I) of the Code by showing that the transfer of real property owned by Debtor to his three children was made for less than a reasonably equivalent value and Debtor was insolvent or rendered insolvent as a result of such transfer. Thus, the transfer was avoided in that proceeding on grounds of constructive fraud.

### 2. Collateral Estoppel Does Not Prevent Plaintiff from Objecting to Discharge

Collateral estoppel prevents re-litigation of an issue where: (1) the issue sought to be precluded was the same as that involved in the prior action; (2) the issue was actually litigated; (3) determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was represented in the prior action. *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir. 1987). There is no dispute that Plaintiff was represented in the prior action. Similarly, the issue of Debtor's intent in transferring the property to his children was litigated in the prior Adversary. Nevertheless, Debtor's Motion to Dismiss fails to show that collateral estoppel applies in this case because other elements are not shown.

First, in its Amended Complaint in this case, Plaintiff argues that Debtor's failure to list the real property involved in the prior Adversary on his schedules

constitutes fraud in fact because such failure is an act of concealment intended to defraud a creditor. According to Plaintiff, "[i]ntentional omission of a substantial asset and debt from the Debtor's schedules constitutes fraud in fact." Amended Compl. ¶ 7. Plaintiff does not plead in this Adversary that Debtor's transfer of the real property in question was fraudulent. Rather, Plaintiff pleads that failure to schedule the property was fraudulent. The Plaintiff's Amended Complaint also alleges fraud in several other dealings by Debtor, including the transfer of real property that was the subject of the prior Adversary. But, Plaintiff specifically alleges that Debtor failed to schedule his interest in other real property and failed to schedule his obligations under a loan agreement with Chase Bank. Amended Compl. ¶ 4. Plaintiff asserts that these failings were fraudulent attempts to conceal property from creditors – acts that prevent entry of discharge under § 727(a)(2)(A).

Second, although Plaintiff's Amended Complaint herein does mention the issue regarding the fraudulent conveyance to Debtor's children, in the previous adversary Plaintiff established that the conveyance was constructively fraudulent under § 548(a)(1)(B)(i) and (ii)(I). Findings of Fact and Conclusions of Law ¶ 3 (Docket No. 32). Constructive fraud is not a basis to deny a discharge in bankruptcy under § 727(a)(2)(A). *Lovell*, 719 F.2d at 1376–77 (construing former § 548(a)(2), now § 548(a)(1)(B)(i)–(iii)). Rather, Plaintiff must show actual fraud to prevail under § 727(a)(2)(A). *Id.* at 1376. As Judgment in the previous Adversary rested on constructive fraud, there was no need in that case to determine whether Debtor acted with actual fraudulent intent. Therefore, the determination that actual fraud was lacking was not "essential" to the final judgment in that case.

Accordingly, collateral estoppel does not prevent Plaintiffs from litigating in this Adversary on the basis of actual fraud under § 727(a)(2)(A).

## Conclusion

Debtor's Motion to Dismiss will therefore be denied by separate order.

Enter:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this 17th day of October, 2011.